FILED
2007 Aug-02 AM 10:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **SHAWNTINA NIXON** ) )     **Plaintiff,** ) ) **v.** ) ) **REGIONAL MEDICAL CENTER** ) **B O A R D ,   P A R A G O N** ) **CONTRACTING SERVICES, INC.,** ) **DR. ROGER EILAND, individually** ) **and as a contract physician with** ) **Regional Medical Center Board,** ) )     **Defendants.** ) ) ) ) ) | **Case No.: 1:07-CV-593-VEH** |

## MEMORANDUM OPINION AND ORDER

**I.  INTRODUCTION**

Plaintiff Shawntina Nixon ("Nixon") filed this case  (Doc. #1) on April 3, 2007, individually and as the mother and next friend of her son, Tyler Allen Nixon. Nixon brings this lawsuit under Title VII for sexual harassment and retaliation and also asserts several state law claims.  Nixon's complaint is against the following three (3) defendants:  Regional Medical Center Board's ("RMCB"), Paragon Contracting

Services, Inc., and Dr. Roger Eiland ("Dr. Eiland").

Pending before the court is RMCB's Partial Motion to Dismiss (Doc. #18) filed on June 29, 2007. On July 9, 2007, the court entered an order (Doc. #20) that established a briefing schedule relating to RMCB's Partial Motion to Dismiss. Pursuant to this order, Nixon was given until July 27, 2007, to file any opposition to the Partial Motion to Dismiss, and RMCB was given until August 3, 2007, to file its reply. (Doc. #20 at 2). To date, this court has received no opposition from Nixon. As discussed more fully below, RMCB's unopposed Partial Motion to Dismiss is due to be and is **HEREBY GRANTED**.

**II.    STANDARD ON RULE 12(b)(1)**

RMCB moves for a dismissal of counts VI and VII of Nixon's complaint on the basis that this court lacks subject matter jurisdiction over them. Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of an action or a claim when the court finds that it does not have subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

Federal courts have limited subject matter jurisdiction, or in other words, they have the power to decide only certain types of cases. *Smith v. GTE Corp.*, 236 F.3d 1292, 1298 (11th Cir. 2001) (citing *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1260-61 (11th Cir. 2000)). Subject matter jurisdiction is conferred and defined

preliminarily by the United States Constitution (the "Constitution") and secondarily by federal statute. As it pertains to the Constitution, a federal court's judicial authority is limited to resolution of "actual cases and controversies." *See Konikov v. Orange County*, 410 F.3d 1317, 1322 (11th Cir. 2002); *see also* U.S. Const. art. III, § 2.

Subject matter cannot be created by the consent of the parties, nor supplanted by considerations of convenience and efficiency. *Morrison*, 228 F.3d at 1261. Because a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case or claim, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises. *Smith,* 236 F.3d at 1299.

Moreover, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974-75 (11th Cir. 2005) (quoting *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999)). Further, because the requirement of subject matter jurisdiction involves the court's competency to consider a given type of case or claim, it "cannot be waived or otherwise conferred upon the court by the parties." *Bochese*, 405 F.3d at 975 (quoting *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982)).

The question for this court is whether it may appropriately exercise supplemental jurisdiction over counts VI and VII of the complaint pursuant to 28 U.S.C. § 1367(a),[1] which provides:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a). Concerning supplemental jurisdiction, this court only has the authority to address those claims that relate to the same "nucleus of operative fact" as the federal ones. *United Mine Workers v. Gibbs*, 383 U.S. 715, 728 (1966). When determining "whether a state law claim is part of the same case or controversy as a federal issue," the court "look[s] to whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence." *Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 455 (11th Cir. 1996) (citation omitted).

---

[1] RMCB concedes and this court agrees that it may properly exercise original subject matter jurisdiction over Nixon's Title VII sexual harassment and retaliation claims raised in counts I and II pursuant to 28 U.S.C. § 1331. (*See* Doc. #18 at 12). Relatedly, RMCB concedes and this court agrees that it may properly exercise supplemental subject matter jurisdiction over counts III, IV, and V for invasion of privacy, negligent/wanton hiring, retention and supervision pursuant to 28 U.S.C. § 1367(a) because those state law claims are "directly related to the alleged sexual harassment and retaliation claims[.]" (*See* Doc. #18 at 13).

### III.   ANALYSIS

    **A.   This court lacks supplemental jurisdiction over counts VI and VII because of their non-relatedness to Nixon's Title VII claims.**

Counts VI and VII of Nixon's complaint, respectively, are for medical malpractice in the form of a failure to properly diagnose allegedly committed against her son and relatedly, her loss of consortium, caused by the purported medical malpractice. RMCB maintains that because these two (2) claims are not sufficiently tied to this court's exercise of original jurisdiction, they are due to be dismissed pursuant to Rule 12(b)(1). This court agrees with RMCB.

The facts and circumstances relevant to Nixon's son's medical malpractice claim and her related loss of consortium claim are separate and distinct from Nixon's Title VII sexual harassment and retaliation claims. For example, Nixon's Title VII claims will focus on Dr. Eiland's alleged statements and interaction with Nixon, Nixon's efforts to complain about Dr. Eiland's actions, and the related investigation into the substance of any complaints made by her. (*See, e.g.*, Doc. #1 ¶¶ 12-33). On the other hand, the medical malpractice claim will center upon the emergency room treatment of Nixon's son on September 17, 2006, relating to a head injury that he suffered, and her resulting loss of consortium caused by this alleged misdiagnosis. (*See, e.g.*, Doc. #1 ¶ 67, 77). As a result, the court anticipates that neither the

documentary evidence nor the testimony from potential witnesses in support of Nixon's Title VII claims versus counts VI and VII will be similar.

In fact, the only factor that these claims appear to have in common is the place of their alleged occurrence(s) at RMCB. With such a limited link, "[t]his does not provide a sufficient nexus between the federal and state causes to support supplemental jurisdiction." *Hudson*, 90 F.3d at 456. Accordingly, counts VI and VII are due to be dismissed from Nixon's complaint without prejudice for lack of subject matter jurisdiction.

### B. Alternatively, this court declines to exercise supplemental jurisdiction over counts VI and VII pursuant to 28 U.S.C. § 1367(c).

Alternatively, to the extent that counts VI and VII do form part of the same case or controversy as Nixon's Title VII claims, the court declines to exercise supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367(c). Concerning the decision to decline the exercise of supplemental jurisdiction, § 1367(c) provides:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if–
>
>> (1) the claim raises a novel or complex issue of State law,
>>
>> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

>> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Therefore, under § 1367(c), a district court may decline to exercise supplemental jurisdiction when the non-federal claim raises complex issues of state law or when there are other compelling reasons for not exercising jurisdiction. 28 U.S.C. § 1367(c)(1), (4). Accordingly and as an alternative basis for dismissal, this court finds that the nature of count VI, which involves the intricate area of medical malpractice, and that count VII's express interrelatedness to count VI, provide a sufficient basis for declining to exercise supplement jurisdiction over them pursuant to the parameters of § 1367(c).

## IV. CONCLUSION

Therefore, consistent with the above analysis, RMCB's unopposed Partial Motion to Dismiss is **HEREBY GRANTED** under Rule 12(b)(1), and counts VI and VII from Nixon's complaint are **HEREBY DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. Alternatively, this court declines to exercise supplemental jurisdiction over counts VI and VII, and pursuant to § 1367(c), those claims are **DISMISSED WITHOUT PREJUDICE** from Nixon's complaint.

Finally, as no claims involving Nixon's son remain in the case, Nixon will proceed solely in her individual capacity for the duration of her lawsuit. Therefore, the clerk is **DIRECTED** to remove or terminate the reference to Nixon, "as the mother and next friend of Tyler Allen Nixon," from the court's case caption. All future filings by the parties should bear the caption as set forth on this order.

    **DONE** and **ORDERED** this the 2nd day of August, 2007.

                                                                            _/s/ Virginia Emerson Hopkins_
                                                                     **VIRGINIA EMERSON HOPKINS**
                                                                     United States District Judge